**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 0 4 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

CV 11 - 2168

FLAMING ST. FLEUR,

                                Plaintiff,

             -against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL FODER (SHIELD # 17145), JOHN DOE 1
through 10, individually and in their official capacities (the
names John Doe being fictitious, as the true names are
presently unknown),

                                Defendants.

----------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

**TOWNES, J.**

**J. ORENSTEIN, M.J.**

## PRELIMINARY STATEMENT

       1.     This is a civil rights action alleging that the City of New York and several

New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth,

Sixth and Fourteenth Amendments to the United States Constitution. Specifically, plaintiff

alleges that, on December 19, 2010, defendants falsely arrested him, assaulted and battered him,

used excessive force on him and made false allegations about him to the Kings County District

Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs,

and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988 and the

Fourth, Sixth and Fourteenth Amendments to the United States Constitution, Article 1 of the

New York Constitution, and New York common law.  Jurisdiction is conferred upon this Court

by 28 U.S.C. §§ 1331 and 1343.

3.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c). This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## PARTIES

4.      Plaintiff is a citizen of the United States and a resident of Kings County in the City and State of New York.

5.      The City of New York (the "City") is a municipal corporation organized under the laws of the State of New York.

6.      Police Officer Michael Foder is a member of the New York City Police Department who was acting under color of law and was involved in the arrest of Plaintiff and the torts arising out of Plaintiff's arrest on Dec, 19, 2010. Foder is sued in his individual and official capacity.

6.      Police Officers John Does 1-10 (the "officers") are members of the New York City Police Department who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times.  The Does are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

7.      On December 19, 2010 at approximately 5:30 p.m., Plaintiff was lawfully driving his vehicle on Church Avenue in the vicinity of 105th Street in Brooklyn, New York.

8.      Plaintiff was intending to go to the Modell's store to buy a Secret Santa gift for a colleague.

2

9.     While Plaintiff was looking for a parking place, Officer Foder and a female officer appeared by Plaintiff's car and asked him for his driver's license and registration.

10.    After Plaintiff provided his license and registration, the officers took the documentation and went inside a Walgreen's store across from Plaintiff's car.

11.    After twenty minutes had passed and the officers had neither returned with Plaintiff's documentation nor provided any information to Plaintiff, Plaintiff exited his vehicle and approached the officers.

12.    Plaintiff asked the officers if something was wrong and what was going on, further explaining that he was on his way to buy a present for a colleague.

13.    Officer Foder approached Plaintiff in a threatening manner and told him to "Shut the fuck up," ordered him to go to his vehicle and informed him that the officers would tell him when they were ready.

14.    Plaintiff complied and walked back to his vehicle.

15.    Officer Foder followed Plaintiff in an intimidating manner that made him fearful.

16.    After Plaintiff got inside his vehicle, Officer Foder returned to his partner, then returned to Plaintiff's vehicle and told him to step out of the car and turn around.

17.    Officer Foder handcuffed Plaintiff.

18.    Plaintiff asked Officer Foder "What am I being arrested for?" and received no response.

19.    Officer Foder lacked reasonable suspicion to stop Plaintiff and lacked probable cause to arrest him for any crime.

3

20. Officer Foder dragged Plaintiff by the neck from his vehicle to the entrance of the Walgreen's store, shoved him against a wall and searched him in the vestibule area.

21. During the search, Officer Foder squeezed Plaintiff's genitalia from behind.

22. A police car arrived, Plaintiff was thrown inside, and Plaintiff's feet picked up and shoved into the car.

23. The female officer told Plaintiff that he was not being arrested, but instead was being taken tot he 67th Precinct to speak to a detective.

24. Plaintiff was taken to the 67th Precinct, where he waited for several hours.

25. When Plaintiff asked the female officer what was going on, she responded that they were "working on it."

26. Plaintiff was then told that he was being charged with disorderly conduct and that the officers were waiting to give him a desk appearance ticket ("DAT").

27. Plaintiff was then told that he did not qualify for a DAT and at approximately 12:30 a.m., he was taken to Brooklyn Central Booking.

28. Plaintiff was arraigned at about 10:00 a.m. On December 20, 2010.

29. After approximately 17 hours in custody, Plaintiff accepted an adjournment in contemplation of dismissal to the criminal charges and was released.

30. Plaintiff sustained injuries including back pain, leg pain and shoulder pain as a result of the excessive force to which he was subjected.

4

31.    Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation and damage to his reputation.

### FIRST CLAIM

### (FALSE ARREST)

32.    Plaintiff repeats the foregoing allegations.

33.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

34.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

### SECOND CLAIM

### (UNREASONABLE FORCE)

35.    Plaintiff repeats the foregoing allegations.

36.    Defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Plaintiff.

37.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

### THIRD CLAIM

### (FABRICATION OF EVIDENCE)

38.    Plaintiff repeats the foregoing allegations.

39.    The individual Defendants created false evidence against Plaintiff and forwarded such false evidence to the Kings County District Attorney's Office.

5

40.     In creating such false evidence, the Defendants violated Plaintiff's constitutional right to a fair trial.

41.     The aforesaid conduct by the City of New York violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Sixth and Fourteenth Amendments to the United States Constitution.

42.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

### FOURTH CLAIM

### (MONELL CLAIM)

43.     Plaintiff repeats the foregoing allegations.

44.     The City of New York ("City"), through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

45.     The City, through its police department, has had and still has hiring, training, promotion and retention practices that it knows will lead to the hiring, training, promotion of police officers unable to discharge their duties in accordance with the constitution.

46.     The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

47.     The City, at all relevant times, was aware that these individual Defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

48.    The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

49.    These policies, practices and customs were the moving force behind Plaintiff's injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Costs, interest and attorney's fees;

d.    Such other and further relief as the Court may deem just and proper.

DATED:      May 3, 2011

New York, New York

ROBERT MARINELLI
Attorney at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1427

7